**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P385-H**

**CEDRIC A. GRADY**                                                                                 **PLAINTIFF**

**v.**

**TOM CAMPBELL** *et al.*                                                      **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action in its entirety.

### I. SUMMARY OF CLAIMS

Plaintiff Cedric A. Grady, a pretrial detainee, currently held at Louisville Metro Department of Corrections, has filed this action pursuant to 42 U.S.C. § 1983 against Director Tom Campbell and Nursing Supervisor Pat Kneeling in their official capacities only. Plaintiff is seeking monetary relief. Accordingly to Plaintiff on or about September 5, 2007, he contracted "the deadly (staff) superbug M.R.S.A. while incarcerated at the Louisville Metro Department of Corrections." Plaintiff states that he complained to officials of severe pain for a week before he was seen by medical officials. By that time, Plaintiff states that his infection was so bad that he had to be rushed to University Hospital, where he had immediate surgery to remove the infection. Plaintiff states that as a result of the surgery he has permanent scar issue and chronic pain in his right foot when he walks or stands. Plaintiff believes that if he had received immediate medical attention when he first complained, the painful and debilitating surgery could have been avoided. He additionally complains that the jail did not pay for his hospital bills.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.    Claims for Failure to Receive Timely Medical Care**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

Because Plaintiff sued Defendants in their official capacities, he has effectively sued the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008). A municipality such as the Louisville Metro Government cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Simply stated, to present a viable claim, Plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993)(quoting *Coogan v. Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). Here, Plaintiff has not alleged that Defendants' actions were part of any policy or custom. As

3

such, his official capacity claims against them will be dismissed. Additionally, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. To find a supervisor liable, the Plaintiff must allege that the supervisor authorized, approved of, or knowingly acquiesced in the alleged misconduct. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996). Because Plaintiff has failed to allege that these Defendants were in any way personally involved in his case, Plaintiff fails to state a claim against them. This is not to say that Plaintiff might not be able to state a claim against the individuals that denied him care in their individual capacities. The complaint, however, fails to state a claim against the individuals as currently sued.

**B.     Failure to Pay Hospital Bills**

The Eighth Amendment does not apply to pretrial detainees. *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003). "Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001) (citing *City of Revere v. Mass. Gen Hosp.*, 463 U.S. 239, 244 (1983)). There is no constitutional requirement, however, that the care be provided to the inmate free of charge. *See Sickles v. Campbell County*, 501 F. 3d 726, 730 (6th Cir. 2007). Once at the hospital, Plaintiff does not allege that his care was conditioned on his ability to pay. Indeed, it appears that Plaintiff was provided care despite the fact that his bill remains unpaid to this date. There has been no violation of federal constitutional law. *Id.* Whether the state should have provided free care to Plaintiff under state law is a separate issue, and one that is not actionable under 42 U.S.C. § 1983. *Id.* As such, Plaintiff has failed to state a claim against Defendants for their

failure to pay his hospital bill.

  For the reasons set forth above, this action will be dismissed in its entirety for failure to state a claim upon which relief can be granted. The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*

4412.008